UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

DANIEL G. BAHLER,
    Plaintiff,

v.  06-1065

KENNY LOPEZ et al.,
    Defendants.

ORDER

    Before the court is the defendants' unopposed motion [86] to strike the plaintiff's summary judgment motion [81].

    The plaintiff, Daniel G. Bahler is proceeding pro se. Bahler's Motion for Summary Judgment argues that he is entitled to judgment on claims against Sheriff Owens and Deputies Galloway, Rushing and Loper that they "used excessive force against him and that they violated his right to access the legal system." Although unclear, it appears that Bahler is seeking summary judgment as to the defendants' affirmative defenses and also as to his claim. However, Bahler fails to provide any evidentiary support for his motion with the exception of his self serving statement which is neither affirmed nor sworn. Further, the plaintiff's self serving statement contains merely conclusory allegations rather than assertions of fact.

    Although pro-se litigants are entitled to a more lenient pleading standard, and must receive notice regarding the meaning and consequences of a summary judgment motion, they must still adhere to the dictates of the Federal Rules of Civil Procedure. *Trask v. General Elec. Co.*, 207 F. Supp. 2d 843, 845 (N.D. Ill. 2002). "The essence of a liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer v. Board of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) citing Hudson v. McHugh, 148 F.3d 859,864 (7th Cir. 1998). As the Seventh Circuit explained: While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstances of incarceration, *see Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980). *McNeil v. United States*, 508 U.S. 106, 112-13, 113 S.Ct. 1980, 1983-84, 124 L.Ed.2d 21 (1993)(footnotes

omitted). To put this differently, rules apply to uncounseled litigants and must be enforced. *Members v. Paige*, 140 F.3d 699, 702-03 (7th Cir. 1998).

      Federal Rule of Civil Procedure 56(e) sets forth the procedural requirements for affidavits submitted with a motion for summary judgment. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The plaintiff has failed to comply with Federal Rule of Civil Procedure 56. As detailed above, the plaintiff has failed to assert any material facts that would be admissible in evidence as to the defendants. The defendants assert that they are unable to respond to plaintiff's motion for summary judgment because there are no assertions of fact made against them. The court agrees. Bahler's statement of facts is not supported by any affidavit or other evidentiary material. His own statement is not sworn or affirmed and therefore not properly considered on a motion for summary judgment. His entire statement of facts therefore must be stricken and the motion denied. All motions for summary judgment and response and replies thereto shall comply with the requirement of Local Rule 7.1. Any filing not in compliance may be stricken by the court. C.D. Ill. Local Rule 7.1. The only material submitted by the plaintiff in his motion for summary judgment is the Seventh Circuit's order allowing him to proceed with Count III of his Complaint. However, the defendants did not assert a statute of limitations affirmative defense as to Count III – the "shock belt" claim despite Bahler's assertion. See Defendants' Answer previously filed. The Seventh Circuit did find Bahler's "shock gun" claim timely filed within the two-year statute of limitations. The defendants filed statute of limitations defenses only as to Count I and Count II which allege actions which occurred in July 2003 and August 2003. The defendants assert that in the alternative, defendants should be allowed to complete discovery before responding to the motion for summary judgment. The discovery closed on May 29, 2009. Further, the defendants claim that the plaintiff has failed to respond to written discovery which was propounded on or about November 4, 2008. Defendants further assert that counsel for the defendants sent a letter to the plaintiff on or about March 31, 2009 requesting responses to said written discovery. The plaintiff sent communication back that he will respond upon receipt of certain documents.

Based on the foregoing, it is ordered:

1.     Pursuant to Federal Rule of Civil Procedure 56(e) and USDC L. R. 7.1, the defendants motion to strike [86] the plaintiff's summary judgment motion [81] is granted. The clerk of the court is directed to strike the plaintiff's summary judgment motion [81], forthwith.

Enter this 12th   day of June 2009.

                                      **s\Harold A. Baker**

                            _____
                                      Harold A. Baker
                                  United States District Judge