UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**DANIEL G. BAHLER,**
  **Plaintiff,**

    v.              Case No. 06-1065

**KENNY LOPEZ et al.,**
**Defendants.**

## MEMORANDUM OPINION AND ORDER

  Before the court are the defendants' summary judgment motion [96], the plaintiff's response [101] and the defendant's reply [102]. The defendants seeks summary judgment pursuant to Fed. R. Civ. Pro. Rule 56.

Standard

  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

  "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### Introduction

The plaintiff s seeks recovery of civil damages under the provisions of 42 U.S.C. 1983, the Civil Rights Act. In his complaint, he alleges, inter alia, that his civil rights were violated while he was incarcerated in the McLean County Detention Facility, McLean County, Illinois, (the "Detention Facility") when excessive force was used by the defendants. Specifically, the plaintiff filed a three count Amended Complaint on or about March 2006 against the defendants. Count I alleges claims of excessive force and denial of access to court that occurred in July 2003 against the defendants, Loper, Galloway and Rushing. Count II alleges claims of excessive force and denial of access to court that occurred in August 2003 against the defendants, Galloway and Rushing. Count III alleges a claim of excessive force that occurred on February 3, 2004 against the defendants, Galloway and Defendant Rushing. The court notes that there are no allegations made against Defendant Owens. This court initially found all claims time barred. On appeal, the Seventh Circuit Court of Appeals reversed in part finding Count III (the "shock belt" claim) as timely filed within the 2-year statute of limitations. Further, the defendants filed an Answer and Affirmative Defenses pursuant to the Seventh Circuit Court of Appeals' order that Count I and Count II were time barred for being filed outside the 2-year statute of limitations. Thus, only Count III remains a timely filed claim. On page 3 of his Complaint, the plaintiff stated he never filed a grievance. This court entered an order on August 6, 2009 welcoming the defendants to file a motion for summary judgment on the ground that the plaintiff's claim is barred because he failed to exhaust the grievance procedures available to him at the Detention Facility.

### Undisputed Material Facts

1. Plaintiff's Complaint states that Plaintiff never filed a grievance concerning the facts alleged in his Complaint. (Complaint, p. 3)
2. Gregory J. Allen is the Superintendent of the Detention Facility. (Affidavit of Gregory J. Allen, ¶ 1)
3. As Superintendent Gregory J. Allen is responsible for and supervises the day-to-day operations of the Detention Facility. He is responsible for the hiring, discipline and termination of all correctional officers, command staff and administrative staff at the Detention Facility. His duties also involve addressing security, safety and computer issues in the facility, collecting and reporting payroll information, providing guidance to shift supervisors, and accounting for collected fees. (Affidavit of Gregory J. Allen, ¶¶ 2 and 3)
4. Gregory J. Allen is personally familiar with the file of the plaintiff, Daniel G. Bahler while he was an inmate of the Detention facility during the time when the conduct alleged in his Complaint took place. (Affidavit of Gregory J. Allen, ¶ 3)

5. William Galloway, Kenny Loper and Clifford Rushing were employed as McLean County deputies during the time the plaintiff was incarcerated. (Affidavit of Gregory J. Allen, ¶ 4)
6. David Owens was employed as the elected Sheriff of McLean County during the time Plaintiff was incarcerated. (Affidavit of Gregory J. Allen, ¶ 5)
7. During the time the plaintiff was an inmate at the Detention facility there was an established formal, written procedure that an inmate could utilize to complain of conduct on the part of any correctional officer employed at the Detention Facility. (Affidavit of Gregory J. Allen, ¶ 6)
8. Upon incarceration, each inmate is provided with an "Inmate Information and Orientation Handbook." (Affidavit of Gregory J. Allen, ¶ 6)
9. The plaintiff acknowledged receipt of a copy of the inmate information and orientation handbook at orientation on or about May 1, 2003[1]. See Orientation Programs Needs Assessment and TB Screening sheet executed by the plaintiff attached as Exhibit A to defendants' reply [102]. Further, the plaintiff was aware of the procedure as evidenced by the inmate request forms he utilized and which are attached as Exhibit B to the defendants' reply.
10. Copies of the "Inmate Information and Orientation Handbook" were also readily available throughout the "common areas" of the Facility where inmates congregate during the day. (Affidavit of Gregory J. Allen, ¶ 6)
11. Section XII of the Handbook establishes a procedure that an inmate can follow if the inmate has questions, problems or concerns about a variety of problems while incarcerated. (Affidavit of Gregory J. Allen, ¶ 6)
12. The complaint procedure established in the Handbook is initiated when the inmate completes a Request Form. (Affidavit of Gregory J. Allen, ¶ 6)
13. Inmates at the Detention Facility may use the Request Form to complaint of conduct on the part of deputies and/or correctional officers. (Affidavit of Gregory J. Allen, ¶ 6)
14. The plaintiff never filed a Request Form, a grievance or made any other type of complaint against the defendants during the time he was incarcerated at the Detention Facility. (Affidavit of Gregory J. Allen, ¶ 8)
15. There are no allegations directed at Loper and Owens in Count III of the plaintiff's Complaint. (Plaintiff's Complaint, Count III).

Discussion and Conclusion of Law

The plaintiff's seeks the recovery of money damages for alleged violations of his rights under 42 U.S.C. 1983. Title 42 U.S.C. §1997e(a) explicitly provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

---

[1] In plaintiff's response, he acknowledges that he signed for orientation package, but claims that he remembers Malinda (jail staff) stating that the package was not complete and that Malinda never provided the rest of the package. However, he does not corroborate this statement with an affidavit by Malinda. He further claims the first time he saw the inmate information and orientation handbook was when he saw it attached to defendants' summary judgment.

3

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Failure to exhaust all available administrative remedies precludes recovery under §1983. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed.2d 368 (2006). As the Seventh Circuit has noted ". . . if a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F. 3d 727, 733 (2000). Exhaustion of available administrative remedies is mandatory under 42 U.S.C. §1997e(a). *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002). The exhaustion requirement is all-inclusive and applies even though the available administrative remedies do not meet federal standards, are not speedy or effective and fail to allow for the recovery of money damages. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 739-41, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001). The exhaustion requirement of 42 U.S.C. §1997e(a) is a condition precedent to filing suit under 42 U.S.C. 1983. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999); *Dixon v. Page*, 291 F. 3d 485, 488 (7th Cir. 2002). A prisoner's allegation that correctional staff threatened him with retaliation if he filed a complaint is insufficient to preclude application of the exhaustion requirement absent an allegation that the threats prevented him from complying with an established grievance procedure. *Ortiz v. McBride*, 380 F.3d 649, 654 (2nd Cir. 2004). Excessive force claims are subject to the exhaustion requirement of 42 U.S.C. §1997e(a) even if money damages are only sought. *Booth v. Churner*, 532 U.S. 731, 739-41, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001), *Smith v. Zachary*, 225 F.3d 446, 452 (7th Cir. 2001).

The plaintiff was required to exhaust his administrative remedies available to him as a condition precedent to filing his § 1983 suit for money damages. The Affidavit of Gregory J. Allen demonstrates that there was an established administrative procedure available for the plaintiff to follow while incarcerated at the Detention Facility. The plaintiff failed to follow that procedure. In his complaint and his response, the plaintiff admits that he never filed a grievance as outlined in the Inmate Information and Orientation Handbook complaining about the alleged wrongful conduct of the defendants. Despite the plaintiff's contention in his response to summary judgment that he was did not receive a copy of the Inmate Information and Orientation Handbook and that he was not familiar with the grievance procedure, the undisputed evidence submitted as Exhibit A and Exhibit B to this reply illustrate that the plaintiff not only received the handbook but had actually utilized the inmate request forms (which apparently are the grievance forms) during his detention. The plaintiff makes no assertion that he was prevented from filing a grievance during his detainment at the jail. Therefore, it is undisputed that he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a) and the cases interpreting that statute.

The court notes that in his response to undisputed facts, the plaintiff argues that even if he was aware of the grievance procedure, it would have been (1) futile since he was leaving for the Illinois Department of Corrections in the near future and (2) he would have been retaliated against by the defendants. These arguments (or facts if that is what he intended) are insufficient to preclude application of the exhaustion requirement absent an allegation that the threats prevented him from complying with an established grievance procedure. *Ortiz v. McBride*, 380 F.3d 649, 654 (2nd Cir. 2004). The plaintiff does not assert in either his Complaint or his response to summary

judgment that he was prevented from filing a grievance, he merely asserts that he did not fill out an inmate request form or complain about the conduct because of his subjective fear of retaliation. The plaintiff's subjective fear of potential retaliation is not enough to excuse his failure to exhaust his administrative remedies as required by 42 U.S.C. §1997(e)(a) and the cases interpreting that statute.  If it were, the exhaustion requirement would be rendered meaningless since every inmate would avoid the requirement of exhausting available administrative remedies by alleging a subjective fear of retaliation.  Further, the futility argument fails for the same reason.  There is no futility exception which applies to 42 U.S.C. §1997(e)(a). As explained by the Seventh Circuit in *Perez v. Wisconsin Department of Corrections*, 182
F.3d 532, 536-537 (7th Cir. 1999):  As for the possibility that administrative remedies could be declared futile ex ante, without ever being tried: what would be the point of asking judges to be seers?  Then the simplicity of §1997(e)(a) would be lost, and instead of requiring exhaustion of administrative remedies it would lead to guesswork about counterfactual situations.  No one can know whether administrative requests will be futile; the only way to find out is to try.  *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) (rejecting an argument for the creation of a "futility exception" to the common law administrative exhaustion regime that applied to federal prisoners before the enactment of §1997(e).  What's the harm in waiting to see how the administrative process turns out?  *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536-537 (7th Cir. 1999). Thus, the plaintiff's argument that it would have been futile to file a grievance is not well taken as there is no futility exception available pursuant to §1997(e)(a).

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997(e)(a), the plaintiff remaining claim is dismissed, with prejudice.  This lawsuit is terminated in its entirety.  Any remaining matters are rendered moot.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 15th day of October 2009.

_____s/Harold B. Baker_____
Harold A. Baker
United States District Judge